# No. 22-50647

# In the United States Court of Appeals for the Fifth Circuit

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

v.

VIRGINIA ESTRADA ARMENDARIZ,

*Defendant-Appellant.*

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

**APPELLANT'S BRIEF**

MARY STILLINGER
Attorney for Appellant
401 Boston Avenue
El Paso, Texas 79902
Tel.: (915) 775-0705
Fax: (915) 886-7178

## CERTIFICATE OF INTERESTED PERSONS

No. 22-50647, <u>United States v. Virginia Estrada Armendariz</u>

The undersigned counsel of record certifies that the following listed persons have an interest in the outcome of this case. This representation is made in order that the Judges of this Court may evaluate possible disqualification or recusal.

1. Virginia Estrada Armendariz, Appellant

2. Felix Valenzuela, defense attorney in the district court

3. Mary Stillinger, defense attorney in the district court and on appeal

4. Adrian E. Gallegos and Spencer D. Kiggins, Assistants United States Attorney in the district court

5. Joseph H. Gay, Jr., Assistant United States Attorney on appeal

6. Jaime Esparza, United States Attorney for the Western District of Texas

By: <u>/s/ Mary Stillinger</u>
MARY STILLINGER
Attorney for Appellant Virginia
Estrada Armendariz

i

## STATEMENT REGARDING ORAL ARGUMENT

This case presents a factual scenario that requires the Court to consider the standards set by the Supreme Court in *Padilla v. Kentucky*, and the application of those standards in a motion to withdraw a guilty plea. Ms. Armendariz pleaded guilty when she clearly would not have done so, had she known the immigration consequences of her plea. Oral argument would be helpful to assist the Court in addressing the facts and the interplay of criminal and immigration law in this case.

# **TABLE OF CONTENTS**

CERTIFICATE OF INTERESTED PERSONS .............................................. i

STATEMENT REGARDING ORAL ARGUMENT .................................... ii

TABLE OF CONTENTS .................................................................................. iii

TABLE OF AUTHORITIES ........................................................................ iv

STATEMENT OF JURISDICTION .............................................................. 1

STATEMENT OF THE ISSUE PRESENTED FOR REVIEW ................... 2

STATEMENT OF THE CASE ....................................................................... 3

SUMMARY OF THE ARGUMENT ............................................................. 9

ARGUMENT .................................................................................................. 11

   I.   The district court abused its discretion when it denied Appellant's
motion to withdraw her guilty plea. .......................................................... 11

CONCLUSION ............................................................................................... 19

CERTIFICATE OF SERVICE ..................................................................... 20

CERTIFICATE OF COMPLIANCE ............................................................ 20

# TABLE OF AUTHORITIES

**Cases**

*Padilla v. Kentucky*,
559 U.S. 356 (2010) ................................................................. 9, 12, 13, 16

*Strickland v. Washington*,
466 U.S. 668 (1984) ............................................................................ 13

*United States v. Carr*,
740 F.2d 339 (5th Cir. 1984) .......................................................... passim

*United States v. Powell*,
354 F.3d 362 (5th Cir. 2003) ............................................................. 11

*United States v. Urias-Marrufo*,
744 F.3d 361 (5th Cir. 2014) .......................................................... passim

**Statutes**

8 U.S.C. § 1101 ................................................................................... 12

8 U.S.C. § 1227 ................................................................................... 12

18 U.S.C. § 924 ................................................................................... 12

18 U.S.C. § 3231 ................................................................................... 1

21 U.S.C. § 963 ..................................................................................... 3

21 U.S.C. § 841 ..................................................................................... 4

21 U.S.C. § 952 ................................................................................. 3, 4

21 U.S.C. § 960 ..................................................................................... 3

28 U.S.C. § 1291 ................................................................................... 1

**Rules**

Federal Rule of Appellate Procedure 4(b) ........................................... 1

Federal Rule of Criminal Procedure 11(d)(2)(b) ................................ 14

## STATEMENT OF JURISDICTION

**1**. **Subject Matter Jurisdiction in the District Court.**  This case arose from the prosecution of alleged offenses against the laws of the United States.  The district court had jurisdiction under 18 U.S.C. § 3231.

**2. Jurisdiction in the Court of Appeals.**  This is a direct appeal from a final decision of the United States District Court for the Western District of Texas, entering judgment of criminal conviction and sentence under the Sentencing Reform Act of 1984.  This Court has jurisdiction of the appeal under 28 U.S.C. § 1291.

Under Federal Rule of Appellate Procedure 4(b), a criminal defendant must file notice of appeal in the district court within fourteen days after the entry either of the judgment or the order being appealed.  Fed. R. App. Pro. 4(b).  The district court entered final judgment in Virginia Estrada Armendariz' case on July 8, 2022. (ROA.140-45;[1] RE4[2]).  Ms. Armendariz timely filed her notice of appeal July 20, 2022. (ROA.146; RE5).

---

[1] "ROA" refers to the record on appeal.  The electronic record, part of which is sealed, has its pages numbered sequentially on the lower right corner.  The number refers to the page of the record, excluding the case number.

[2] "RE" refers to the Record Excerpts.  The accompanying number refers to the document's number as it is included in the Record Excerpts filed along with this brief.

## <u>STATEMENT OF THE ISSUE PRESENTED FOR REVIEW</u>

1. Whether the district court abused its discretion when it denied

   Appellant's motion to withdraw her guilty plea.

## **STATEMENT OF THE CASE**

Appellant Virginia Estrada Armendariz ("Ms. Armendariz") was arrested on April 15, 2021, and charged with conspiring to import 43.9 kilograms of marijuana, in violation of 21 U.S.C. § 963. (ROA.10-12).  On April 19, 2021, defense counsel Felix Valenzuela entered an appearance on behalf of Ms. Armendariz. (ROA.15).  The following factual background, which is not in dispute, is taken from Ms. Armendariz' motion to withdraw her guilty plea:

> Virginia Estrada Armendariz was arrested on April 15, 2021, after the pick-up truck she was driving into El Paso from Ciudad Juarez was stopped during a pre-primary roving canine operation. (ECF Doc. No. 1). The truck Ms. Armendariz was driving (which was her own truck she had owned for several years) was found to have 39.51 kilograms (net weight) of marijuana hidden in various parts of the truck. Ms. Armendariz was interviewed after her arrest and denied knowledge of the drugs in her truck. She explained that she had been hired to pick up clothing and shoes and sometimes money from a store in El Paso to take to a store in Juarez. On the day she was arrested, she had just met with her employer to have a GPS tracker put on her truck.

> (ROA.77).

Ms. Armendariz was indicted on May 12, 2021, and charged with the following offenses: Count One – importation of marijuana, a controlled substance, in violation of 21 U.S.C. §§ 952(a), 960(a)(1), and 960(b)(4); and Count Two – possession of a controlled substance with intent to distribute,

in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D). (ROA.27-28; RE2). At

docket call on August 13, 2021, Ms. Armendariz asked for a trial.

(ROA.156-57).

On February 24, 2022, Ms. Armendariz pled guilty to importation of a

controlled substance, in violation of 21 U.S.C. § 952(a), pursuant to a plea

agreement. (ROA.245-54).  The factual basis for the plea agreement read, in

part, as follows:

> ARMENDARIZ now admits that she was deliberately ignorant
> that there were illegal drugs in the car on April 15, 2021. Based
> on the conversations she had with the people she had spoken to
> in response to the Facebook ad, ARMENDARIZ admits that
> there was a high probability drugs were in her car but she was
> deliberately ignorant to that fact and that she purposely avoided
> learning that drugs were in her car. Moreover, ARMENDARIZ
> admits that her nervous behavior at the port of entry is consistent
> with her deliberate ignorance of the fact that an amount of
> marijuana consistent with distribution was in her car when she
> attempted to enter the United States.

(ROA.254).

The sealed addendum to the plea agreement included the following

additional facts:

> After waiving her Miranda Rights, ARMENDARIZ stated she
> had answered a Facebook Ad for work the week prior to arrest.
> ARMENDARIZ stated she met with a female in a Carls's [sic] Jr
> located in Cd. Juarez, MX to talk about the job. ARMENDARIZ
> stated the job consisted of picking up clothes, shoes, and money
> consisting of $2,000 - $4,000 from El Paso, Texas and

transporting into Cd. Juarez, MX. ARMENDARIZ stated she was told her truck would be taken to install a GPS tracker. ARMENDARIZ stated she was uncomfortable with her vehicle being taken from her and told the female she would think about it because she was afraid they would put something illegal in her vehicle. ARMENDARIZ stated that a week later she decided to go ahead with the job and take the risk due to lack of work and needing money. ARMENDARIZ stated she traveled to Cd. Juarez, MX the morning of arrest, met a female and male in a parking lot of a Wendy's where other males took her vehicle from her possession. ARMENDARIZ stated she went to a nearby restaurant with the female and male where she waited. ARMENDARIZ was given her vehicle and she told the female she would wait to cross until later that night as to allow the crossing time to shorten. ARMENDARIZ stated that she was told she needed to cross immediately to go to a store before they closed. Initially ARMENDARIZ stated she had not been given instructions of where she was to go but then later recanted and stated that she was told she would be going to Fox Plaza. ARMENDARIZ paused for a few minutes and stated she did not know why she lied that it just seemed easier. HSI SA asked ARMENDARIZ had any of her daughters been offered this job what advice would she had given them. ARMENDARIZ stated she would have told them not to do it because of the risk it involved. ARMENDARIZ stated one of her daughters knew of the job and that she had told ARMENDARIZ not to do it.

(ROA.256).

The Magistrate Judge who accepted the plea included in his Report

and Recommendation his finding, among others, that Ms. Armendariz

understood the immigration consequences of her guilty plea, and that her

attorney had explained the immigration consequences to her.[3]  ([ROA.53-54](), [56-57]()).

On April 27, 2022, Ms. Armendariz filed a motion to allow Mr. Valenzuela to withdraw as counsel and defense counsel Mary Stillinger began representing Ms. Armendariz. ([ROA.68]()).  The district court granted the motion the same day. ([ROA.71]()).

On May 16, 2022, Ms. Armendariz filed a motion to withdraw her guilty plea. ([ROA.77-83]()).  The motion was accompanied by affidavits from Ms. Armendariz and her daughter. ([ROA.84-90]()).  Ms. Armendariz and her daughter alleged that they were misled about the immigration consequences of her guilty plea. *Id.*  Both Ms. Armendariz and her daughter believed Ms. Armendariz would be able to fight to keep her legal permanent residence status. *Id.*  Ms. Armendariz also explained that she did not completely understand the concept of deliberate ignorance, which was the basis for the plea. ([ROA.85-87]()).  Ms. Armendariz made it clear in her affidavit that had she known the immigration consequences of her plea, she would have chosen to go to trial. ([ROA.87]()).

---

[3] The Magistrate Judge entered a Report & Recommendation ([ROA.52]()), and then an Amended Report & Recommendation ([ROA.55]()), that added the stipulation in the plea agreement regarding the weight of the drugs ([ROA.57]()).

On June 11, 2022, the government filed a response to Ms. Armendariz' motion to withdraw her guilty plea. (ROA.107-18).

On June 23, 2022, a hearing was held on Ms. Armendariz' motion to withdraw her guilty plea. (ROA.175-93; RE6).  The district court noted that it was not considering any delay in filing the motion to withdraw nor whether or not the withdrawal would waste judicial resources. (ROA. 183-84).  After argument, the district court denied the motion and found that it was sufficient that "Mr. Valenzuela by Ms. Armendariz' own words informed her that there . . . could be immigration consequences to her plea of guilty." (ROA.191).

The district court's entire ruling was stated in open court:

> I had the opportunity to go over Urias-Marrufo, and it's interesting because the case gets remanded because the judge made the incorrect call of saying that the Padilla issue falls into ineffective assistance of counsel. And the Fifth Circuit says, No, that's incorrect. You know, the Padilla issue gets taken up when it is called to the judge's attention, which is more likely than not to be exactly in the same context here. So there's no question about that.

> What is more critical -- or is more telling about the Urias decision is the concurrence by Judge Garza where, in Urias, the majority decision says where it is certain deportation based on Padilla, the judge -- I mean, the lawyer has the duty to tell the defendant that deportation will result. It is an automatic deportation.

Yes, there is that language in Padilla, but then the actual holding says: We hold that. It doesn't talk about that. The actual holding in Padilla says there is a duty that, in essence -- and I'm paraphrasing -- there is a duty that cannot be saved at the plea colloquy for the defendant to affirmatively state -- affirmatively state that discussions were had with defense lawyer about the consequences of the plea of guilty.

Ms. Armendariz unequivocally stated that she had those discussions with her lawyer. And this is not a case -- reading the transcript of the proceedings before Judge Castaneda, he did exactly what he was supposed to do. He wasn't saving the case for Mr. Valenzuela. He simply asked, This may happen, and he stated that to her. Are you aware of that? Yes. Did you discuss that with your lawyer? And she unequivocally said yes. That's the Padilla duty.

So I'm finding that, based on the evidence before the Court, that Mr. Valenzuela by Ms. Armendariz' own words informed her that there would be -- that there were likely to be -- there could be immigration consequences to her plea of guilty, and the judge simply confirmed that in his plea colloquy. So the motion to withdraw the plea of guilty is denied.

(ROA.190-91).

On July 6, 2022, the district court issued an order denying Ms. Armendariz' motion to withdraw her guilty plea. (ROA.139; RE3). The order did not include any findings by the district court. *Id.* On July 6, 2022, Ms. Armendariz was sentenced to three years of probation. (ROA.140-45; RE4).

This appeal followed.

## **SUMMARY OF THE ARGUMENT**

Appellant Virginia Estrada Armendariz learned after she had pleaded guilty, but before sentencing, that her conviction for importation of marijuana would undoubtedly result in her deportation from the United States. She did not know this when she entered her guilty plea. Therefore, her guilty plea was not made knowingly and voluntarily.

In denying her motion to withdraw her guilty plea, the district court relied solely on the fact that Ms. Armendariz was aware of some *potential* immigration consequences. The district court found that the Supreme Court's decision in *Padilla v. Kentucky,* did not require that the defendant receive accurate advice regarding immigration consequences, but that defense counsel's mere mention of some potential immigration consequence was sufficient.

The district court abused its discretion by finding that the law does not require that a defendant receive accurate advice regarding immigration consequences. The district court further abused its discretion by relying on this finding alone to deny the motion to withdraw the plea, rather than considering the factors under the appropriate test set out in *Carr*. All of the

*Carr* factors weighed in favor of allowing Ms. Armendariz to withdraw her plea.  This case should be remanded for that purpose.

## **ARGUMENT**

**I.      The district court abused its discretion when it denied Appellant's motion to withdraw her guilty plea.**

<u>Standard of Review</u>

This Court reviews the denial of a motion to withdraw a guilty plea for an abuse of discretion. *United States v. Urias-Marrufo*, <u>744 F.3d 361, 364</u> (5th Cir. 2014).  "A district court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence." *United States v. Powell*, <u>354 F.3d 362, 370</u> (5th Cir. 2003).

<u>Argument</u>

Appellant Virginia Estrada Armendariz learned after she had pleaded guilty, but before sentencing, that her conviction for importation of marijuana would undoubtedly result in her deportation from the United States.  She stated unequivocally, in her affidavit attached to her motion to withdraw her guilty plea, that she would have proceeded to trial if she had known the immigration consequences of her conviction.  Given that the evidence of her knowledge of the drugs in her vehicle was very thin, it would have been a reasonable decision to proceed to trial, and she could have been successful in defending the criminal charges.

*Immigration Consequences of Ms. Armendariz' Guilty Plea*

Under long-standing immigration law, an alien will be deported from the United States if she is convicted of an "aggravated felony." 8 U.S.C. § 1227(a)(2)(A)(iii) ("Any alien who is convicted of an aggravated felony at any time after admission is deportable.").  The term "aggravated felony" includes illicit trafficking in a controlled substance (as described in section 102 of the Controlled Substance Act), including a drug trafficking crime (as defined in section 924(c) of title 18, United States Code)). 8 U.S.C. § 1101(a)(43)(B). There is no waiver of removal or other exception that would apply to Ms. Armendariz to prevent her mandatory removal from this country after her conviction in this case.

The United States Supreme Court has held that a criminal defense attorney has an obligation under the Sixth Amendment to advise a non-citizen defendant that the offense to which she was pleading guilty would result in her removal from the country. *Padilla v. Kentucky*, 559 U.S. 356 (2010).  When the immigration consequences are not clear, the warnings in a plea agreement or at a plea colloquy and the general advice from defense counsel that there may be adverse immigration consequences may be sufficient.  However, "when the deportation consequence is truly clear, as it

was in this case, the duty to give correct advice is equally clear." *Padilla v. Kentucky*, <u>559 U.S. at 369</u>; *see also United States v. Urias-Marrufo*, <u>744 F.3d 361, 366</u> (5th Cir. 2014) (quoting this section of *Padilla*).

Ms. Armendariz did not receive clear advice, despite the clear nature of the immigration consequences she would face.  In fact, she believed that she could fight for her legal permanent resident status, even after being convicted in this case.   This case presents a violation of the clear mandate of *Padilla.*

Instead of waiting to address this issue in a writ for ineffective assistance of counsel,[4]  Ms. Armendariz became aware of her predicament prior to sentencing, and filed a motion to withdraw her guilty plea, alleging that her plea was not knowing and voluntary, and in light of all of the appropriate factors under *Carr,* the district should allow her to withdraw her plea.

---

[4] *Padilla v. Kentucky* sets the bar for effective assistance of counsel, by requiring defense counsel to advise a defendant of immigration consequences of a conviction. *Urias-Maruffo*, <u>744 F.3d at 366-67</u>.  "*Padilla* . . . concerns a narrow factual inquiry compared to most *Strickland* claims: whether the defendant was informed  *by defendant's counsel of certain* immigration consequences, and whether prejudice resulted." *Id.* at 368-69 (emphasis in original) (referring to  *Strickland v. Washington*, <u>466 U.S. 668</u> (1984), which sets out the test for evaluating effective assistance of counsel).  A *Padilla* violation can be raised in either collateral or direct proceedings. *Id.* at 367.

*Request to Withdraw Guilty Plea*

Generally, a defendant may withdraw a plea of guilty after the court has accepted it, but before the imposition of sentence, only if the defendant can show a fair and just reason for requesting the withdrawal. Fed.R.Crim.P. 11(d)(2)(b).  To determine whether a defendant may withdraw a guilty plea, the Court must consider the following factors: (1) whether the defendant has asserted his innocence; (2) whether the government would suffer prejudice if the withdrawal motion were granted; (3) whether the defendant delayed in filing his withdrawal motion; (4) whether the withdrawal would substantially inconvenience the court; (5) whether close assistance of counsel was available to the defendant; (6) whether the original plea was knowing and voluntary; and (7) whether withdrawal would waste judicial resources. *United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984). No single factor or combination of factors is dispositive, and the court must examine the totality of the circumstances. *Id.*

The district court did not make written findings in its order denying the motion to withdraw the plea.  (ROA.139; RE3).  In its oral findings at the hearing on the motion to withdraw the plea, the district court mentioned only two of the factors:  that it was not considering any delay in filing of the

14

motion to withdraw (the third *Carr* factor);  and that it was not concerned about a potential waste of judicial resources (the seventh *Carr* factor). (ROA. 183-84).  So, the third and seventh factor did not weigh against withdrawal of the plea.  Although the district court did not mention the fourth factor, given its statements about the third and seventh factors, it seems extremely likely that it would have found that there was no inconvenience to the court (the fourth factor).

The district court made no mention whatsoever of the first *Carr* factor, which is whether the defendant asserted her innocence.  However, the record is very clear that the evidence of guilty knowledge was unusually thin and strained, and Ms. Armendariz did clearly assert her innocence by her undisputed affidavit in support of her motion.[5]  Thus the first *Carr* factor, which is a paramount consideration in the evaluation, was completely ignored by the district court.  If not ignored, that factor would have had to weigh in favor of allowing Ms. Armendariz to withdraw her plea.

The second *Carr* factor, of potential prejudice to the government, was similarly ignored, as was the fifth factor, regarding close assistance of

---

[5] It is important to note that Ms. Armendariz' factual basis relied on the assertion that she was deliberately ignorant to the possibility that there may be illegal drugs in her car when she crossed into the United States. (ROA.254).

15

counsel. There is nothing in the record that would support any implied finding on either of these two factors that would mitigate against withdrawal.

It would seem that the district court considered only the sixth *Carr* factor: whether the plea was knowing and voluntary. The district court considered this factor only in the context of knowledge of the immigration consequences of the plea. A defendant must have a "full understanding of what the plea connotes and of its consequence" to enter a knowing and voluntary guilty plea. *Urias-Marrufo*, 744 F.3d at 366.

In *United States v. Urias-Marrufo*, this Court reversed the district court's refusal to allow the withdrawal of a guilty plea by a defendant who had not been informed of the mandatory deportation she would face upon conviction. *United States v. Urias-Marrufo*, 744 F.3d 361 (5th Cir. 2014). This Court found that the defendant's plea was not knowing and voluntary because this Court held that "if the court finds that a *Padilla* violation occurred, that finding **compels the court to permit the defendant to withdraw the guilty plea**." *Id.* at 369 (emphasis supplied).

The district court in this case found that it was sufficient that "Mr. Valenzuela by Ms. Armendariz' own words informed her that there . . .

could be immigration consequences to her plea of guilty." (ROA.191).  In coming to its decision, the district court relied on the concurrence in *Urias-Marrufo*, which is not binding precedent.  The concurrence in *Urias-Marrufo* agreed with this Court's decision, but disagreed with its interpretation of *Padilla*, instead suggesting that it was still an open question whether Padilla required defense counsel to warn of "certain" immigration consequences or just the possible risks. *Urias-Marrufo*, 744 F.3d at 369-70.

The concurrence in *Urias-Marrufo*, and the district court here fail to recognize the "clearly defined and relatively limited" duty imposed by *Padilla,* as  set out in this Court's precedent in *Urias-Marrufo*. 744 F.3d at 367-69.  The district court's failure to accept this precedent was an error of law which constitutes an abuse of discretion.

The district court abused its discretion by finding that the law does not require that a defendant receive accurate advice regarding immigration consequences.  The district court further abused its discretion by relying on this finding alone to deny the motion to withdraw the plea, rather than considering the factors under the appropriate test set out in *Carr*.  All of the

*Carr* factors weighed in favor of allowing Ms. Armendariz to withdraw her plea. This case should be remanded for that purpose.

# **<u>CONCLUSION</u>**

This Court should vacate Ms. Armendariz' conviction and remand this case to the district court with instructions to allow Ms. Armendariz to withdraw her guilty plea and allow her to proceed to trial.

<div style="margin-left:50%">

Respectfully submitted,

s/ Mary Stillinger
MARY STILLINGER
401 Boston Avenue
El Paso, Texas 79902
Tel.: (915) 775-0705

*Attorney for Defendant-Appellant*

</div>

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of December, 2022, I electronically filed the foregoing Appellant's Brief with the Clerk of the Court using the CM/ECF system which will send notification to the following:

Assistant United States Attorney,

Joseph H. Gay, Jr.,

By: s/ Mary Stillinger
MARY STILLINGER

## CERTIFICATE OF COMPLIANCE

1. This document complies with the type-volume limit of FED. R. APP. P. 27(d)(2)(A) because, excluding the parts of the document exempted by FED. R. APP. P. 32(f) this document contains 4,161 words.

2. This document complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the type-style requirements of FED. R. APP. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14-point font in text.

By: s/ Mary Stillinger